IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE E. CARR,

        Petitioner,

vs.                               No. CIV 98-151 JP/LFG

BEN GALLEGOS,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner George E. Carr ("Carr"), currently confined in the Central New Mexico Correctional Facility located at Los Lunas, New Mexico, challenges his Judgment and Sentence entered May 3, 1995 by the Fifth Judicial District Court in *State v. Carr*, No. Cr. 93-276(G) (County of Lea, New Mexico). (Answer, filed March 16, 1998, Ex. A). Carr entered a conditional guilty plea to one count of distribution of a controlled substance, methamphetamine, a third-degree felony, and to one count of conspiracy, a fourth-degree felony. Carr preserved his right to appeal the denial of his suppression motion. The New Mexico Court of Appeals affirmed. (Answer, Ex. E), and his petition for writ of certiorari was denied. (Answer, Ex. G).

2. Carr raises the following grounds for habeas relief:

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Ground One: Conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

Ground Two: Conviction was obtained by use of evidence obtained pursuant to an unlawful arrest.

Ground Three: Conviction was obtained by violation of the privilege against self-incrimination.

3. As a threshold matter, the Court must determine whether Carr meets the exhaustion requirements of 28 U.S.C. § 2254. "The exhaustion requirement reflects a policy of comity, whereby a federal court will not interfere with a state court without giving the state courts an opportunity to correct any alleged constitutional violations. Steadfast adherence to this policy protects state courts' role in the enforcement of the federal law." *Hernandez v. Starbuck* 69 F.3d 1089, 1091 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 1855 (1996).

The AntiTerrorism and Effective Death Penalty Act ("AEDPA") applies because Carr filed his petition after the effective date of AEDPA. A district court may no longer interfere with a state's waiver of exhaustion when the state does not expressly invoke the exhaustion requirement. The state, through counsel, must expressly waive exhaustion. 28 U.S.C. § 2254(b)(c). Second, the court may exercise discretion to consider on the merits an unexhausted petition when the entire petition is without merit and is subject to dismissal. 28 U.S.C. § 2254(b)(2); *Hoxsie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir.), *cert. denied*, 118 S. Ct. 126 (1997). Respondent concedes, and this Court finds, that Carr has exhausted his available state remedies and his petition is properly before the Court.

4. Respondent moves to dismiss the instant petition on the ground that Carr raises a claim not cognizable in a federal habeas proceeding. Respondent moves to dismiss Carr's remaining

grounds that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest and violation of the privilege against self-incrimination, because the allegations are foreclosed by entry of his guilty plea.

5. A federal court cannot grant a federal habeas petition if the claim was decided on the merits in state court, unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). Federal courts must presume the state court's determination of factual issues was correct unless the prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

6. The record reveals that Carr challenged vigorously the constitutionality of the search and seizure of his truck through a motion to suppress, a hearing on the suppression motion and on appeal. Carr fully and fairly litigated this claim. The law is well established that Fourth Amendment exclusionary rule claims are not cognizable in federal habeas corpus proceedings if the petitioner had an opportunity for full and fair litigation of the claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Court is aware that one district court has held that AEDPA's two-tiered analytical approach replaces the full and fair opportunity test. *See Carlson v. Ferguson*, 9 F. Supp. 2d 654 (S.D.W.Va. 1998). Under either approach, the result is the same. Carr's claim was adjudicated on the merits and the decision was not contrary to federal law or based on an unreasonable determination of the facts. Carr litigated his Fourth Amendment claim in state court and, as a result, federal habeas relief is not available.

7. Carr's claims about his unlawful arrest and Fifth Amendment claim, are foreclosed by entry of this guilty plea. These are nonjurisdictional defenses which were waived when he entered his

3

conditional guilty plea and did not preserve those issues on appeal. *United States v. Lafoon*, 978 F.2d 1183, 1184 (10th Cir. 1992); *United States v. Davis*, 900 F.2d 1524, 1526 (10th Cir.), *cert. denied*, 498 U.S. 856 (1990).

## **Recommended Disposition**

That Respondent's Motion to Dismiss filed March 16, 1998 be granted and that the petition be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

PETITIONER:
George Carr, pro se

COUNSEL FOR RESPONDENT:
Max Shepherd, Esq.